Barbara A. Rohr (SBN 273353)
Benjamin Heikali (SBN 307466)
**FARUQI & FARUQI, LLP**
10866 Wilshire Boulevard, Suite 1470
Los Angeles, CA 90024
Telephone: (424) 256-2884
Facsimile: (424) 256-2885
E-mail: brohr@faruqilaw.com
        bheikali@faruqilaw.com

*Attorneys for Plaintiff Cyrus Hashtpari*

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CYRUS HASHTPARI, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>UTZ QUALITY FOODS, INC.,<br><br>Defendant. | Case No.: 2:16-cv-3453<br><br>**CLASS ACTION COMPLAINT**<br><br>1. **Violation of California Civil Code §1750, *et seq.***<br><br>2. **Violation of California Business and Professions Code § 17200, *et seq.***<br><br>3. **Violation of California Business and Professions Code § 17500, *et seq.***<br><br>4. **Violation of California Commercial Code § 2313**<br><br>5. **Violation of California Commercial Code § 2314**<br><br>6. **Common Law Fraud**<br><br>7. **Intentional Misrepresentation**<br><br>8. **Negligent Misrepresentation**<br><br>9. **Breach of Contract**<br><br>10. **Quasi-Contract/Unjust Enrichment/Restitution**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Cyrus Hashtpari ("Plaintiff") by and through his counsel, brings this Class Action Complaint against Defendant Utz Quality Foods, Inc. ("Utz"), and any parent or subsidiary entity ("Defendant"), on behalf of himself and all others similarly situated, and alleges upon personal knowledge as to his own actions, and upon information and belief as to counsel's investigations and all other matters, as follows:

## NATURE OF THE ACTION

1.   Plaintiff brings this consumer protection and false advertising class action lawsuit against Defendant, based on Defendant's false and misleading representations concerning nine varieties[1] of its Dirty Potato Chips brand of chips (the "DPC Products").

2.   Defendant has falsely and deceptively labeled the DPC Products as being "All Natural." Defendant also has, and continues to, falsely and deceptively label the DPC Products as containing "No Preservatives."

3.   However, Defendant's DPC Products are not "All Natural," nor are they free of preservatives, as represented.

4.   In fact, the DPC Products contain non-natural, artificial, synthetic ingredients and preservatives including, but not limited to, dextrose, maltodextrin, citric acid, malic acid, lactic acid, sodium citrate, sodium diacetate, disodium phosphate, yeast and torula extract, paprika extract, and annatto.

5.   Plaintiff and others have relied on Defendant's false and misleading representations when purchasing DPC Products. Had Plaintiff and consumers known that Defendant's representations were false and misleading, they would not have purchased DPC Products, would have purchased less of the products, or would have paid significantly less for the products. Therefore, Plaintiff and consumers have

---

[1] Dirty Potato Chips Mesquite BBQ, Dirty Potato Chips Jalapeno Heat, Dirty Potato Chips Sour Cream and Onion, Dirty Potato Chips Sea Salt and Vinegar, Dirty Potato Chips Cracked Pepper and Sea Salt, Dirty Potato Chips Maui Onion, Dirty Potato Chips Funky Fusion, Dirty Potato Chips Pesto & Parmesan, and Dirty Potato Chips Smokey Chipotle.

2

**CLASS ACTION COMPLAINT**

1  suffered injury in fact as a result of Defendant's false and deceptive representations.

2    6.    Plaintiff brings this class action lawsuit on behalf of himself and all

3  others similarly situated. Plaintiff seeks to represent a California Subclass, a

4  California Consumer Subclass, and a Nationwide Class (defined *infra* in paragraphs

5  35-37) (together referred to as "Classes").

6    7.    Plaintiff is seeking damages, restitution, declaratory and injunctive

7  relief, and all other remedies the court deems appropriate.

8  ## JURISDICTION AND VENUE

9    8.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. §

10  1332(d)(2)(A) because this case is a class action where the aggregate claims of all

11  members of the proposed Classes are in excess of $5,000,000, exclusive of interests

12  and costs, and Plaintiff, as well as most members of the proposed Classes, which total

13  more than 100 class members, are citizens of states different from the state of

14  Defendant.

15    9.    This Court has personal jurisdiction over Defendant because Defendant

16  has sufficient minimum contacts in California or otherwise intentionally did avail

17  itself of the markets within California, through its sale of DPC Products to California

18  consumers.

19    10.    Venue is proper in this District pursuant to 28 U.S.C. 1391(a)(1) because

20  Defendant regularly conducts business throughout this District, and a substantial part

21  of the events and/or omissions giving rise to this action occurred in this District.

22  ## PARTIES

23    11.    Plaintiff Cyrus Hashtpari is a citizen of California, residing in Ventura

24  County. Beginning in and around 2013, Mr. Hashtpari purchased different varieties

25  of the DPC Products, including the Sour Cream and Onion, Cracked Pepper and Sea

26  Salt, and Maui Onion varieties from local gas stations located in Oak Park,

27  California. Mr. Hashtpari has purchased DPC Products relying on Defendant's

28

**CLASS ACTION COMPLAINT**

representations on the DPC Products' labels that the DPC Products were "All Natural" and contain "No Preservatives."  Mr. Hashtpari would not have purchased the DPC Products, would have purchased less of the products, or would have paid significantly less for the products, had he known that Defendant's representations were and continue to be false and misleading.  Mr. Hashtpari therefore has suffered injury in fact and has lost money as a result of Defendant's misleading, false, unfair, and fraudulent practices, as described herein.

12.     Defendant Utz Quality Foods, Inc. is a Pennsylvania corporation with its principal place of business in Hanover, Pennsylvania.  Defendant manufactures, labels, distributes, sells, and advertises DPC Products nationwide, including in California.  Defendant has maintained substantial distribution, sales, and marketing operations in this District.  Throughout the Class Period, Defendant has manufactured and offered for sale the DPC Products, which consist of the following varieties: i) Mesquite BBQ; ii) Jalapeno Heat; iii) Sour Cream and Onion; iv) Sea Salt and Vinegar; v) Cracked Pepper and Sea Salt; vi) Maui Onion; vii) Funky Fusion; viii) Pesto & Parmesan; and ix) Smokey Chipotle.

## FACTUAL ALLEGATIONS

**A.     Background**

13.     The United States Food and Drug Administration ("FDA") -- which has responsibility for regulating the labeling of the food products at issue in this case as well as many other foods -- has not promulgated a regulation or law defining the terms "Natural" or "All Natural."  However, the agency has established a policy defining the outer boundaries of the use of the term "natural" by clarifying that it "has not objected to the use of the term if a food does not contain added color, artificial flavors, or synthetic substances."[2]

---

[2] http://www.fda.gov/aboutfda/transparency/basics/ucm214868.htm (last visited on 05/02/2016); http://www.fda.gov/Food/GuidanceRegulation/GuidanceDocumentsRegulatoryInformation/LabelingNutrition/ucm456090.htm (last visited on 05/02/2016).

4

**CLASS ACTION COMPLAINT**

14.     Specifically, the FDA states that:

> the agency will maintain its policy [] regarding the use of "natural," as meaning that nothing artificial or synthetic (including all color additives regardless of source) has been included in, or has been added to, a food that would not normally be expected to be in the food. 58 Fed. Reg. 2302, 2407 (Jan. 6, 1993).

15.     Other federal agencies provide further explanation of the term "natural." According to United States Department of Agriculture's ("USDA") Food Safety and Inspection Service ("FSIS"), a "natural" product is:

> [a] product containing no artificial ingredient or added color and is only minimally processed.   Minimal processing means that the product was processed in a manner that does not fundamentally alter the product.   The label must include a statement explaining the meaning of the term natural (such as 'no artificial ingredients; minimally processed').[3]

16.     In the FSIS's Food Standards and Labeling Policy Book, the FSIS informs the public about processes that are "clearly" not considered to be "minimal:" "[r]elatively severe processes, e.g., solvent extraction, acid hydrolysis, and chemical bleaching would clearly be considered more than minimal processing…."[4]

17.     According to USDA regulations, an ingredient is nonsynthetic (natural) if it is:

> [a] substance that is derived from mineral, plant, or animal matter and does not undergo a synthetic process as defined in section 6502(21) of the Act (7 U.S.C. § 6502(21)).   For the purposes of this part, nonsynthetic is used as a synonym for natural as the term is used in the Act.  7 C.F.R. § 205.2.

---

[3]  *See*  USDA   FSIS   Food   Labeling   Fact   Sheets,   Meat   and   Poultry   Labeling   Terms, http://www.fsis.usda.gov/wps/wcm/connect/e2853601-3edb-45d3-90dc-1bef17b7f277/Meat_and_Poultry_Labeling_Terms.pdf?MOD=AJPERES (last visited on 05/10/2016).
[4]  *See*   USDA   FSIS,   Food   Standards   and   Labeling   Policy   Book,   available   at www.fsis.usda.gov/OPPDE/larc/Policies/Labeling_Policy_Book_082005.pdf (last visited on 05/10/2016).

**CLASS ACTION COMPLAINT**

18.   Further, an ingredient is synthetic if it is:

> [a] substance that is formulated or manufactured by a chemical process or by a process that chemically changes a substance extracted from naturally occurring plant, animal, or mineral sources, except that such term shall not apply to substances created by naturally occurring biological processes. 7 C.F.R. § 205.2.

19.   The following ingredients, which are found in Defendant's DPC Products, are synthetic, artificial, and/or are preservatives, and are therefore not natural under federal regulations and the FDA policy referenced above:

a.   **Dextrose** is a chemically derived sweetener, chemical a-D-glucopyranose, and is produced through chemical degradation of corn starch by complete hydrolysis with certain acids or enzymes, followed by commercial refinement and crystallization of the resulting hydrolysate. 21 C.F.R. § 184.1857(a).

b.   **Maltodextrin** is a saccharide polymer that is prepared as a white powder or concentrated solution through partial acid and enzymatic hydrolysis of corn starch, potato starch, or rice starch. 21 C.F.R. § 184.1444(a).

c.   **Citric Acid** is recognized by the FDA as an unnatural substance when used as a food additive.  *See* FDA Warning Letter to Hirzel Canning Company (August 29, 2001) ("the addition of . . . citric acid to these products preclude use of the term natural to describe this product"). Citric acid is a preservative.[5]  Citric acid may be manufactured through a solvent extraction or mycological fermentation of bacteria. 21 C.F.R. § 184.1033(a).

d.   **Malic Acid** is a synthetically created substance, manufactured commercially by hydration of fumaric acid or maleic acid.  21 C.F.R. §

---

[5] http://www.fda.gov/Food/IngredientsPackagingLabeling/FoodAdditivesIngredients/ucm094211.htm (last visited on 05/02/2016).

6

**CLASS ACTION COMPLAINT**

184.1069(a).  Malic acid is classified as a synthetic flavoring substance and adjuvant.  21 C.F.R. § 582.60.

e. **Lactic Acid** is a synthetic substance used as a food additive. 21 C.F.R. §172.515.  Lactic acid is synthetically formulated through the commercial fermentation of carbohydrates or by a procedure involving formation of lactonitrile from acetaldehyde and hydrogen cyanide and subsequent hydrolysis.  21 C.F.R. § 184.1061(a).

f. **Sodium Citrate** is the sodium salt of citric acid synthesized by reacting sodium carbonate with citric acid, and is often used as an anticoagulant or blood thinner.  It is a recognized synthetic chemical under federal regulation (7 C.F.R. § 205.605(b)) that is sometimes used in food as a preservative or to provide a tart flavor in soft drinks, club soda, juices, and in some sausages.  The ingredient occurs as colorless crystals or a white crystalline powder.  21 C.F.R. § 184.1751(a).

g. **Sodium Diacetate** is "prepared synthetically by reacting sodium carbonate with acetic acid" or by "reacting anhydrous sodium acetate and acetic acid."  21 C.F.R. § 184.1754(a).

h. **Disodium phosphate**, is a synthetic preservative that inhibits the effects of oxygen on food.  It is produced by neutralization of phosphoric acid, a synthetic pollutant.  *See* 40 C.F.R. § 116.4 (identifying phosphoric acid as a hazardous substance).

i. **Yeast Extract** and **torula yeast** are processed yeast-based additives that are used as flavor enhancers.[6]  Yeast extract is known to contain high amounts of free glutamates or monosodium glutamate ("MSG"), a neurological excitotoxin linked to migraines, depression, fatigue, and

---

[6] http://www.fda.gov/Food/IngredientsPackagingLabeling/FoodAdditivesIngredients/ucm094211.htm  (last visited on 05/02/2016).

**CLASS ACTION COMPLAINT**

1   cognitive degenerative disease.[7]   The two additives are synthetically
2   created through the chemical or thermal destruction of yeast cell walls
3   and the subsequent formation of free amino acids through autolysis.  The
4   soluble components are extracted and the remaining substance is
5   concentrated, pasteurized and stored as a liquid or paste until added to
6   food.

7   j.   **Paprika extract** and **annatto** are color additives.   21 C.F.R. §
8   73.345(a); 21 C.F.R. 73.30(a).  Both substances are not natural.  *See* 58
9   F.R. 2302 at 2407 (1991) (natural means "that nothing artificial or
10   synthetic (*including all color additives regardless of source*) has been
11   included in, or has been added to, a food that would not normally be
12   expected to be in the food." (emphasis added)).

**B.   Defendant's false and misleading representations of its DPC Products**

20.   At all relevant times, Defendant has manufactured, labeled, distributed, advertised, and sold its DPC Products, which come in the following varieties that are not "All Natural" or free of preservatives:

a.  Dirty Potato Chips Mesquite BBQ;

b.  Dirty Potato Chips Jalapeno Heat;

c.  Dirty Potato Chips Sour Cream and Onion;

d.  Dirty Potato Chips Sea Salt and Vinegar;

e.  Dirty Potato Chips Cracked Pepper and Sea Salt;

f.  Dirty Potato Chips Maui Onion;

g.  Dirty Potato Chips Funky Fusion;

h.  Dirty Potato Chips Pesto & Parmesan; and

i.  Dirty Potato Chips Smokey Chipotle.

21.   All relevant times, Defendant has conspicuously represented on the front

---

[7] http://www.fda.gov/Food/IngredientsPackagingLabeling/FoodAdditivesIngredients/ucm328728.htm (last visited on 05/02/2016).

**CLASS ACTION COMPLAINT**

1   label of the DPC Products that the DPC Products are "ALL NATURAL:"[8]

 

15       22.   Furthermore, at all relevant times Defendant has conspicuously

16   represented on the back label of the DPC Products that the DPC Products are "All

17   Natural" and contain "No Preservatives:"[9]

---

[8] https://www.alcorsupply.com/products/5oz-Sour-Cream-%26-Onion-%22Dirty%22-Potato-Chips.html (last visited on 05/02/2016);   http://dealsforfoodies.com/dirty-potato-chips-maui-onion-case-of-12-5oz-141.7g-bags   (last visited on 05/02/2016)

[9] http://tamatrading.com/index.php?route=product/product&product_id=5284 (last visited on 05/02/2016); http://dealsforfoodies.com/dirty-potato-chips-maui-onion-case-of-12-5oz-141.7g-bags (last visited on 05/01/2016)

9

**CLASS ACTION COMPLAINT**

1
2
3
4
5
6
7
8
9
10
11
12
13
14

 

15   23.   At all relevant times, Defendant's Dirty Potato Chips website has

16 represented that the DPC Products were "ALL NATURAL" and contain "NO

17 preservatives:"[10]

18
19
20
21
22
23
24
25
26
27
28

[10] https://web.archive.org/web/20130710212432/http://www.dirtys.com/ (last visited on 05/02/2016).

10

**CLASS ACTION COMPLAINT**



24.     At all relevant times, Defendant labeled its DPC Products as "ALL NATURAL" and free of preservatives because consumers perceive all natural foods as better, healthier, and more wholesome.  In fact, the demand for all natural foods has grown rapidly in recent years, a trend that Defendant has exploited through its false and deceptive advertising.

25.     Defendant knew what representations it has made about the DPC Products, as all of those representations appeared on the DPC Products and the Dirty Potato Chips website.  Defendant also knew what ingredients have been added to each of the DPC Products since it manufactured the Products and listed all the DPC Products' ingredients on the packages of the DPC products.  Furthermore, the DPC Products are governed by federal regulations that control the labeling of the products,

11
**CLASS ACTION COMPLAINT**

and therefore Defendant is aware some of the ingredients have been federally declared to be synthetic substances and/or required extensive processing to be used in food.

**C.    Defendant's DPC Products are not "All Natural" or free of preservatives**

26.    Contrary to Defendant's representations that the DPC Products are "All Natural" and free of preservatives, Defendant's DPC Products contain ingredients that are synthetic, artificial, and/or are preservatives.

27.    **Exhibit "A"** to this Class Action Complaint depicts a list of the DPC Products that are not "All Natural" and free of preservatives, along with a list of the ingredients provided for each variety.  Ingredients that have been bolded are ingredients that are synthetic, artificial, and/or are preservatives.

28.    **Exhibit "B"** to this Class Action Complaint depicts the DPC Products that are not "All Natural," along with a list of the ingredients provided for each variety.  Ingredients that have been bolded are ingredients that are synthetic and/or artificial.

29.    Because the DPC Products contain ingredients that are synthetic, artificial, and/or are preservatives, Defendant's representations that the DPC Products are "All Natural" and contain "No Preservatives" are false and misleading.

30.    Defendant knew or should have known that the DPC Products contain ingredients that are synthetic, artificial, and/or are preservatives, and are therefore not "All Natural" and are not free of preservatives, as represented.

31.    Defendant knew or should have known that Plaintiff and other consumers would rely on said material representations concerning the DPC Products, and would be misled and induced into purchasing DPC Products as a result of the representations.

32.    Plaintiff understood Defendant's representations that the DPC Products were "All Natural" and free of preservatives to mean that the DPC Products did not

**CLASS ACTION COMPLAINT**

1   contain any unnatural, synthetic, or artificial ingredients and/or preservatives.

2      33.   In reasonable reliance on Defendant's representations concerning the

3   DPC Products, Plaintiff purchased DPC Products at a premium price.

4      34.   Plaintiff and other consumers would not have purchased DPC Products,

5   would have purchased less of the products, or would have paid significantly less for

6   the products, had they known that the representations concerning the DPC Products

7   were and continue to be false and misleading.   Therefore, Plaintiff and other

8   consumers purchasing DPC Products have suffered injury in fact and have lost money

9   as a result of Defendant's false, unfair, and fraudulent practices, as described herein.

10                      **CLASS ACTION ALLEGATIONS**

11      35.   Plaintiff brings this case as a class action that may be properly

12   maintained under Federal Rule of Civil Procedure 23 on behalf of himself and all

13   persons in the United States, who within the relevant statute of limitations periods,

14   purchased DPC Products ("Nationwide Class").

15      36.   Plaintiff also seeks to represent a subclass defined as all California

16   residents, who within the relevant statute of limitations periods, purchased DPC

17   Products ("California Subclass").

18      37.   Plaintiff also seeks to represent a subclass defined as all California

19   residents, who within the relevant statute of limitations periods, purchased DPC

20   Products for personal, family, or household purposes ("California Consumer

21   Subclass").

22      38.   Excluded from the Classes are Defendant, the officers and directors of

23   the Defendant at all relevant times, members of their immediate families and their

24   legal representatives, heirs, successors or assigns and any entity in which Defendant

25   has or had a controlling interest.   Any judge and/or magistrate judge to whom this

26   action is assigned and any members of such judges' staffs and immediate families are

27   also excluded from the Classes.   Also excluded from the Classes are persons or

28

13

**CLASS ACTION COMPLAINT**

entities that purchased DPC Products for purposes of resale.

39.    Plaintiff hereby reserves the right to amend or modify the class definitions with greater specificity or division after having had an opportunity to conduct discovery.

40.    Plaintiff is a member of all Classes.

41.    <u>Numerosity</u>:  Defendant has sold millions of DPC Products. Defendant's DPC Products are available for sale both through Defendant's website and at third party retailers and vendors, such as gas stations, grocery stores, convenience stores, liquor stores, and online retailers.   Accordingly, members of the Classes are so numerous that their individual joinder herein is impractical.   While the precise number of class members and their identities are unknown to Plaintiff at this time, the number may be determined through discovery.

42.    <u>Common Questions Predominate</u>:  Common questions of law and fact exist as to all members of the Classes and predominate over questions affecting only individual class members.  Common legal and factual questions include, but are not limited to, the following: whether Defendant's representations that the DPC Products were "All Natural" and contain "No Preservatives" are false and misleading, and therefore have violated various consumer protection statutes and common laws.

43.    <u>Typicality</u>:  Plaintiff's claims are typical of the claims of the Classes he seeks to represent in that Plaintiff and members of the Classes have been and continue to be exposed to Defendant's false and misleading labeling, have purchased DPC Products relying on the false and misleading labeling, and have suffered losses as a result of such purchases.

44.    <u>Adequacy</u>:  Plaintiff is an adequate representative of the Classes because his interests do not conflict with the interests of the members of the Classes he seeks to represent, he has retained competent counsel experienced in prosecuting class actions, and he intends to prosecute this action vigorously.   The interests of the

**CLASS ACTION COMPLAINT**

1  members of the Classes will be fairly and adequately protected by the Plaintiff and

2  his counsel.

3      45.  <u>Superiority</u>:  A class action is superior to other available means for the

4  fair and efficient adjudication of the claims of the members of the Classes.  The size

5  of each claim is too small to pursue individually and each individual Class member

6  will lack the resources to undergo the burden and expense of individual prosecution

7  of the complex and extensive litigation necessary to establish Defendant's liability.

8  Individualized litigation increases the delay and expense to all parties and multiplies

9  the burden on the judicial system presented by the complex legal and factual issues of

10  this case.   Individualized litigation also presents a potential for inconsistent or

11  contradictory judgments.  The class action mechanism is designed to remedy harms

12  like this one that are too small in value, although not insignificant, to file individual

13  lawsuits for.

14      46.  This lawsuit is maintainable as a class action under Federal Rule of Civil

15  Procedure 23(b)(3) because the questions of law and fact common to the members of

16  the Classes predominate over any questions that affect only individual members, and

17  because the class action mechanism is superior to other available methods for the fair

18  and efficient adjudication of the controversy.

19
20
21

**FIRST CLAIM FOR RELIEF**
**Violation of California's Consumers Legal Remedies Act ("CLRA"),**
**California Civil Code §§ 1750, <i>et seq.</i>**
**(<i>for the California Consumer Subclass</i>)**

22      47.  Plaintiff repeats the allegations contained in paragraphs 1-46 above as if

23  fully set forth herein.

24      48.  Plaintiff brings this claim individually and on behalf of the members of

25  the proposed California Consumer Subclass against Defendant.

26      49.  The DPC Products are "goods" within the meaning of Cal. Civ. Code §

27  1761(a), and the purchase of such products by Plaintiff and members of the California

28

15

**CLASS ACTION COMPLAINT**

Consumer Subclass constitutes "transactions" within the meaning of Cal. Civ. Code § 1761(e).

50. Cal. Civ. Code § 1770(a)(2) prohibits "[m]isrepresenting the source, sponsorship, approval, or certification of goods or services." By falsely representing that its DPC Products are "All Natural" and free of preservatives, Defendant has misrepresented and continues to misrepresent both the source and the certification of goods, and thus has violated section 1770(a)(2) of the CLRA.

51. Cal. Civ. Code § 1770(a)(5) prohibits "[r]epresenting that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have…." By falsely representing that its DPC Products are "All Natural" and free of preservatives, Defendant has represented and continues to represent that the DPC Products have characteristics and benefits which they do not have. Therefore, Defendant has violated section 1770(a)(5) of the CLRA.

52. Cal. Civ. Code § 1770(a)(7) prohibits "[r]epresenting that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style of model, if they are another." By falsely representing that its DPC Products are "All Natural" and free of preservatives, Defendant has represented and continues to represent that the DPC Products are of a particular standard, quality, and/or grade when they are not. Therefore Defendant has violated section 1770(a)(7) of the CLRA.

53. Cal. Civ. Code § 1770(a)(9) prohibits "[a]dvertising goods or services with intent not to sell them as advertised." By falsely advertising its DPC Products as "All Natural" and free of preservatives, and then not selling DPC Products that meet those standards, Defendant has violated section 1770(a)(9) of the CLRA.

54. Defendant knew or reasonably should have known that the DPC Products were not "All Natural" or free of preservatives.

55. Plaintiff and members of the California Consumer Subclass have reasonably and justifiably relied on Defendant's false, misleading, and fraudulent

**CLASS ACTION COMPLAINT**

conduct when purchasing DPC Products.  Moreover, based on the very materiality of Defendant's fraudulent and misleading conduct, reliance on such conduct is a material reason for the decision to purchase DPC Products and may be presumed or inferred for Plaintiff and members of California Consumer Subclass.

56.    Plaintiff and members of the California Consumer Subclass suffered injuries caused by Defendant because they would not have purchased DPC Products, would have purchased less of the products, or would have paid significantly less for the products, had they known that Defendant's conduct was false, misleading, and fraudulent.

57.    Under Cal. Civ. Code § 1780(a), Plaintiff and members of the California Consumer Subclass seek damages, restitution, declaratory and injunctive relief, and all other remedies the court deems appropriate for Defendant's violations of the CLRA.  Plaintiff seeks to enjoin Defendant from all future representations that the DPC Products are "All Natural" and contain "No Preservatives."

58.    Pursuant to Cal. Civ. Code § 1782, on March 15, 2016, counsel for Plaintiff mailed a notice and demand letter by certified mail, with return receipt requested, to Defendant (see **Exhibit "C"**).  Defendant received the notice and demand letter on March 21, 2016.  Because Defendant has failed to rectify or remedy the damages caused within 30 days after receipt of the notice and demand letter, Plaintiff is timely filing this Class Action Complaint.

### SECOND CLAIM FOR RELIEF
#### Violation of California's Unfair Competition Law ("UCL"), California Business & Professions Code §§ 17200, *et seq.*
##### (*for the California Subclass and California Consumer Subclass*)

59.    Plaintiff repeats the allegations contained in paragraphs 1-46 above as if fully set forth herein.

60.    Plaintiff brings this claim individually and on behalf of the members of the proposed California Subclass and California Consumer Subclass against

1  Defendant.

2    61.    UCL §17200 provides, in pertinent part, that "unfair competition shall

3  mean and include unlawful, unfair or fraudulent business practices and unfair,

4  deceptive, untrue or misleading advertising . . . ."

5    62.    Under the UCL, a business act or practice is "unlawful" if it violates any

6  established state or federal law.

7    63.    Defendant's false and misleading advertising of its DPC Products is

8  therefore "unlawful" because it violates the CLRA, California's False Advertising

9  Law ("FAL"), and other applicable laws as described herein.

10    64.    As a result of Defendant's unlawful business acts and practices,

11  Defendant has unlawfully, unfairly and/or fraudulently obtained money from

12  Plaintiff, and members of both the California Subclass and California Consumer

13  Subclass.

14    65.    Under the UCL, a business act or practice is "unfair" if the Defendant's

15  conduct is substantially injurious to consumers, offends public policy, and is

16  immoral, unethical, oppressive, and unscrupulous, as the benefits for committing such

17  acts or practices are outweighed by the gravity of the harm to the alleged victims.

18    66.    Defendant's conduct has been of no benefit to purchasers of DPC

19  Products, as it was and continues to be false, misleading, unfair, and unlawful.

20  Creating customer confusion as to the nutritious nature of Defendant's DPC Products

21  is of no benefit to customers.  Therefore, Defendant's conduct was and continues to

22  be "unfair."

23    67.    As a result of Defendant's unfair business acts and practices, Defendant

24  has unfairly obtained money from Plaintiff, and members of both the California

25  Subclass and California Consumer Subclass.

26    68.    Under the UCL, a business act or practice is "fraudulent" if it actually

27  deceives or is likely to deceive members of the consuming public.

28

18

**CLASS ACTION COMPLAINT**

69.   Defendant's conduct here is fraudulent because it has the effect of deceiving consumers into believing that the DPC Products are healthier and/or more nutritious than they actually are.  Plaintiff and members of both the California Subclass and California Consumer Subclass are not sophisticated experts on nutrition and food labeling, and therefore have likely deferred heavily to Defendant's representations, believing that they are accurate.  Because Defendant has misled Plaintiff and members of both the California Subclass and California Consumer Subclass, Defendant's conduct is "fraudulent."

70.   As a result of Defendant's fraudulent business acts and practices, Defendant has fraudulently obtained money from Plaintiff, and members of both the California Subclass and California Consumer Subclass.

71.   Plaintiff requests that this Court cause Defendant to restore this unlawfully, unfairly, and fraudulently obtained money to Plaintiff, and members of both the California Subclass and California Consumer Subclass, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant from violating the UCL or violating it in the same fashion in the future as discussed herein. Otherwise, Plaintiff, and members of both the California Subclass and California Consumer Subclass may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

### THIRD CLAIM FOR RELIEF
### Violation of California's False Advertising Law ("FAL"),
### California Business & Professions Code §§ 17500, *et seq*
### (*for the California Subclass and California Consumer Subclass*)

72.   Plaintiff repeats the allegations contained in paragraphs 1-46 above as if fully set forth herein.

73.   Plaintiff brings this claim individually and on behalf of the members of the proposed California Subclass and California Consumer Subclass against Defendant.

19
**CLASS ACTION COMPLAINT**

74.   California's FAL makes it "unlawful for any person to make or disseminate or cause to be made or disseminated before the public... in any advertising device ... or in any other manner or means whatever, including over the Internet, any statement, concerning ... personal property or services professional or otherwise, or performance or disposition thereof, which is untrue or misleading and which is known, or which by the exercise of reasonable care should be known, to be untrue or misleading."

75.   Defendant has disseminated to the public, including Plaintiff and members of both the California Subclass and California Consumer Subclass, false and misleading statements concerning the nature of its DPC Products.   Because Defendant has disseminated false and misleading information regarding its DPC Products, and Defendant knows or should have known, through the exercise of reasonable care, that these representations are false and misleading, Defendant has violated the FAL.

76.   Furthermore, Defendant knows or should have known through the exercise of reasonable care that such representations are unauthorized, inaccurate, and misleading.

77.   As a result of Defendant's false advertising, Defendant fraudulently obtained money from Plaintiff and members of both the California Subclass and California Consumer Subclass.

78.   Plaintiff requests that this Court cause Defendant to restore this money to Plaintiff and members of both the California Subclass and California Consumer Subclass, to disgorge the profits Defendant made on these transactions, and to enjoin Defendant violating the FAL or violating it in the same fashion in the future as discussed herein.   Otherwise, Plaintiff and members of both the California Subclass and California Consumer Subclass may be irreparably harmed and/or denied an effective and complete remedy if such an order is not granted.

**CLASS ACTION COMPLAINT**

## FOURTH CLAIM FOR RELIEF
### Breach of Express Warranty,
### California Commercial Code § 2313
***(for the California Subclass and California Consumer Subclass)***

79. Plaintiff repeats the allegations contained in paragraphs 1-46 above as if fully set forth herein.

80. Plaintiff brings this claim individually and on behalf of the members of the proposed California Subclass and California Consumer Subclass against Defendant.

81. California Commercial Code § 2313 provides that "(a) Any affirmation of fact or promise made by the seller to the buyer which relates to the goods and becomes part of the basis of the bargain creates an express warranty that the goods shall conform to the affirmation or promise," and "(b) Any description of the goods which is made part of the basis of the bargain creates an express warranty that the goods shall conform to the description."  Cal. Com. Code § 2313.

82. Defendant has expressly warranted that the DPC Products were "All Natural" and are free of preservatives.  These representations on the DPC Products are affirmations made by Defendant to consumers that the DPC Products are in fact all natural and free of preservatives, became part of the basis of the bargain to purchase the DPC Products, and which have created an express warranty that the DPC Products would conform to these affirmations.  In the alternative, the representations on the DPC Products are descriptions of goods which were made as part of the basis of the bargain to purchase the DPC Products, and which have created an express warranty that the DPC Products would conform to the product descriptions.

83. Plaintiff and members of both the California Subclass and California Consumer Subclass have reasonably and justifiably relied on Defendant's express warranties that the DPC Products were "All Natural" and are free of preservatives,

**CLASS ACTION COMPLAINT**

1  believing that that the DPC Products do in fact conform to the warranty.

2      84.    Defendant has breached the express warranties made to Plaintiff and

3  members of both the California Subclass and California Consumer Subclass by

4  failing to manufacture, distribute and sell DPC Products that are in fact all natural and

5  free of preservatives.

6      85.    Plaintiff and members of both the California Subclass and California

7  Consumer Subclass have paid money for the DPC Products but have did not obtained

8  the full value of the DPC Products as represented.  If Plaintiff and members of both

9  the California Subclass and California Consumer Subclass had known of the true

10 nature of the DPC Products, they would not have purchased the DPC Products, would

11 have purchased less of them, or would not have been willing to pay the premium

12 price associated with DPC Products.

13     86.    As a result, Plaintiff and members of both the California Subclass and

14 California Consumer Subclass have suffered injury and deserve to recover all

15 damages afforded under the law.

16                    **FIFTH CLAIM FOR RELIEF**
17                  **Breach of Implied Warranty,**
                  **California Commercial Code § 2314**
18   ***(for the California Subclass and California Consumer Subclass)***

19     87.    Plaintiff repeats the allegations contained in paragraphs 1-46 above as if

20 fully set forth herein.

21     88.    Plaintiff brings this claim individually and on behalf of the members of

22 the proposed California Subclass and California Consumer Subclass against

23 Defendant.

24     89.    California Commercial Code § 2314(1) provides that "a warranty that

25 the goods shall be merchantable is implied in a contract for their sale if the seller is a

26 merchant with respect to goods of that kind."

27     90.    Furthermore, California Commercial Code § 2314(2) provides that

28

                            22
                **CLASS ACTION COMPLAINT**

"[g]oods to be merchantable must be at least such as… (f) [c]onform to the promises or affirmations of fact made on the container or label if any."

91.     Defendant is a merchant with respect to the sale of chips products, including the DPC products.  Therefore, a warranty of merchantability is implied in every contract for sale of DPC Products to California consumers.

92.     In labeling DPC Products as "All Natural" and free of preservatives, Defendant has made a promise and/or affirmation of fact on label of the DPC Products.

93.     However, the DPC products do not conform to the promises and/or affirmations of fact made by Defendant on the label of the DPC Products.  To the contrary, the DPC Products were not "All Natural" and are not free of preservatives.

94.     Therefore, Defendant has breached its implied warranty of merchantability in regards to the DPC Products.

95.     If Plaintiff and members of both the California Subclass and California Consumer Subclass had known that the DPC Products did not conform to Defendant's promises or affirmations of fact, they would not have purchased the DPC Products, would have purchased less of the products, or would not have been willing to pay the premium price associated with DPC Products.  Therefore, as a direct and/or indirect result of Defendant's breach, Plaintiff and members both the California Subclass and California Consumer Subclass have suffered injury.

**SIXTH CLAIM FOR RELIEF**
**Common Law Fraud**
(*for the Classes*)

96.     Plaintiff repeats the allegations contained in paragraphs 1-46 above as if fully set forth herein.

97.     Plaintiff brings this claim individually and on behalf of the members of the Classes.

**CLASS ACTION COMPLAINT**

98.     Defendant has willfully, falsely, and knowingly represented that the DPC Products are "All Natural" and free of preservatives when the DPC Products contain ingredients that are synthetic, artificial and/or are preservatives.  Therefore Defendant has made a misrepresentation as to the DPC Products.

99.     Defendant's misrepresentations are misrepresentations that are material (i.e., the type of misrepresentations to which a reasonable person would attach importance and would be induced to act thereon in making purchase decisions).

100.    Defendant knows or recklessly disregarded the fact that its DPC Products were not all natural and are not free of preservatives at the time the representations have been made.

101.    Defendant intended that Plaintiff and others consumers rely on these representations, as evidenced by Defendant prominently featuring the phrase "All Natural" and "No Preservatives" on the DPC Products packaging.

102.    Plaintiff and members of the Classes have reasonably and justifiably relied on Defendant's misrepresentations when purchasing the DPC Products, have been unaware of the true nature of the DPC Products, and, had the correct facts been known, would not have purchased the DPC Products, would have purchases less of them, and/or would not have purchased them at the prices at which they were offered.

103.    As a direct and proximate result of Defendant's fraud, Plaintiff and members of the Classes have suffered economic losses and other general and specific damages, including, but not necessarily limited to, the monies paid to Defendant, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

### SEVENTH CLAIM FOR RELIEF
### Intentional Misrepresentation
(*for the Classes*)

104.    Plaintiff repeats the allegations contained in paragraphs 1-46 above as if fully set forth herein.

24

**CLASS ACTION COMPLAINT**

105.   Plaintiff brings this claim individually and on behalf of the members of the Classes.

106.   Defendant has represented that the DPC Products are "All Natural" and free of preservatives.

107.   Defendant's representations regarding the DPC Products are material to a reasonable consumer because they relate to the products and their nutritional value and characteristics.   A reasonable person would attach importance to such representations and would be induced to act thereon in making purchase decisions.

108.   Defendant's representations are false because the DPC Products are not all natural or free of preservatives.

109.   At the time when the false representations have been made, Defendant has known that the representations are false or has acted recklessly in making the representations, without regard to the truth.

110.   Defendant intends that Plaintiff and others consumers rely on these representations, as evidenced by Defendant prominently featuring the phrase "All Natural" and "No Preservatives" on the DPC Products packaging.

111.   Plaintiff and members of the Classes have reasonable and justifiably relied on Defendant's misrepresentations when purchasing the DPC Products.

112.   As a direct and proximate result of Defendant's misrepresentations, Plaintiff and members of the Classes have suffered economic losses and other general and specific damages, including but not limited to the amounts paid for the DPC Products, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

### EIGHTH CLAIM FOR RELIEF
#### Negligent Misrepresentation
(*for the Classes*)

113.   Plaintiff repeats the allegations contained in paragraphs 1-46 above as if fully set forth herein.

**CLASS ACTION COMPLAINT**

114.   Plaintiff brings this claim individually and on behalf of the members of the Classes.

115.   Defendant has represented that the DPC Products are "All Natural" and free of preservatives.

116.   Defendant's representations regarding the DPC Products are material to a reasonable consumer because they relate to the products and their nutritional value and characteristics.   A reasonable person would attach importance to such representations and would be induced to act thereon in making purchase decisions.

117.   Defendant's representations are false because the DPC Products are not all natural or free of preservatives.

118.   At the time when the false representations have been made, Defendant has known or has been negligent in not knowing that that the DPC Products were not "All Natural" and are not free of preservatives.  Defendant has no reasonable grounds for believing the representations are true when made.

119.   Defendant intends that Plaintiff and others consumers rely on these representations, as evidenced by Defendant prominently featuring the phrase "All Natural" and "No Preservatives" on the DPC Products packaging.

120.   Plaintiff and members of the Classes have reasonable and justifiably relied on Defendant's negligent misrepresentations when purchasing the DPC Products.

121.   As a direct and proximate result of Defendant's negligent misrepresentations, Plaintiff and members of the Classes have suffered economic losses and other general and specific damages, including but not limited to the amounts paid for the DPC Products, and any interest that would have accrued on those monies, all in an amount to be proven at trial.

**CLASS ACTION COMPLAINT**

### NINTH CLAIM FOR RELIEF
### Breach of Contract
### (*for the Classes*)

122.   Plaintiff repeats the allegations contained in paragraphs 1-46 above as if fully set forth herein.

123.   Plaintiff brings this claim individually and on behalf of the members of the Classes.

124.   In purchasing the DPC Products, Plaintiff and members of the Classes have valid contracts, that are supported by sufficient consideration, pursuant to which Defendant is obligated to provide DPC Products that were in fact "All Natural" and are free of preservatives.

125.   Defendant has materially breached its contracts with Plaintiff and members of the Classes by providing DPC Products which are neither "All Natural" nor free of preservatives.

126.   As a direct and proximate result of Defendant's breach, Plaintiff and members of the Classes have been damaged in that they have received a product with less value than the amount paid.   Moreover, Plaintiff and members of the Classes have suffered economic losses and other general and specific damages, including but not limited to the amounts paid for the DPC Products, and any interest that has accrued on those monies, all in an amount to be proven at trial.

### TENTH CLAIM FOR RELIEF
### Quasi Contract/Unjust Enrichment/Restitution
### (*for the Classes*)

127.   Plaintiff repeats the allegations contained in paragraphs 1-46 above as if fully set forth herein.

128.   Plaintiff brings this claim individually and on behalf of the members of the Classes.

129.   As alleged herein, Defendant intentionally and recklessly has made false

27

**CLASS ACTION COMPLAINT**

representations to Plaintiff and members of the Classes to induce them to purchase the DPC Products.  Plaintiff and members of the Classes have reasonably relied on the false representations and have not received all of the benefits promised by Defendant.  Plaintiff and members of the Classes therefore have been falsely induced by Defendant's misleading and false representations on the DPC Products and have paid for them when they would and/or should not have, or paid more to Defendant for the DPC Products than they otherwise would and/or should have paid.

130.   Plaintiff and members of the Classes have conferred a benefit upon Defendant as Defendant has retained monies paid to it by Plaintiff and members of the Classes.

131.   The monies received have been obtained under circumstances that are at the expense of Plaintiff and members of the Classes – i.e., Plaintiff and members of the Classes have not received the full value of the benefit conferred upon Defendant.

132.   Therefore, it is inequitable and unjust for Defendants to retain the profit, benefit, or compensation conferred upon it without paying Plaintiff and the members of the Classes back for the difference of the full value of the benefit compared to the value actually received.

133.   As a direct and proximate result of Defendant's unjust enrichment, Plaintiff and members of the Classes are entitled to restitution, disgorgement, and/or the imposition of a constructive trust upon all profits, benefits, and other compensation obtained by Defendant from its deceptive, misleading, and unlawful conduct as alleged herein.

**CLASS ACTION COMPLAINT**

# PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, seeks judgment against Defendant, as follows:

a)      For an order certifying the Nationwide Class, the California Subclass, and the California Consumer Subclass, under Rule 23 of the Federal Rules of Civil Procedure; naming Plaintiff as representative of all Classes; and naming Plaintiff's attorneys as Class Counsel to represent all Classes.

b)      For an order declaring that Defendant's conduct violates the statutes and laws referenced herein;

c)      For an order finding in favor of Plaintiff, and all Classes, on all counts asserted herein;

d)      For an order awarding all compensatory and punitive damages, including under the California Consumers Legal Remedies Act on behalf of the California Consumer Subclass, in amounts to be determined by the Court and/or jury;

e)      For prejudgment interest on all amounts awarded;

f)      For interest on the amount of any and all economic losses, at the prevailing legal rate;

g)      For an order of restitution and all other forms of equitable monetary relief;

h)      For injunctive relief as pleaded or as the Court may deem proper;

i)      For an order awarding Plaintiff and all Classes their reasonable attorneys' fees, expenses and costs of suit, including as provided by statute such as under California Code of Civil Procedure section 1021.5; and

j)      For any other such relief as the Court deems just and proper.

**CLASS ACTION COMPLAINT**

1

## **DEMAND FOR TRIAL BY JURY**

2

Plaintiff demands a trial by jury on all issues so triable.

3

4

Dated: May 18, 2016                                      **FARUQI & FARUQI, LLP**

5

6

By: */s/ Barbara A. Rohr*

7

Barbara A. Rohr, Bar No. 273353
Benjamin Heikali, Bar No. 307466

8

10866 Wilshire Blvd., Suite 1470
Los Angeles, CA 90024

9

Telephone: 424.256.2884
Fax: 424.256.2885

10

E-mail: brohr@faruqilaw.com
              bheikali@faruqilaw.com

11

12

*Attorneys for Plaintiff*
*Cyrus Hashtpari*

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**CLASS ACTION COMPLAINT**

**<u>CLRA Venue Declaration Pursuant to California Civil Code Section 1780(d)</u>**

I, Cyrus Hashtpari, declare as follows:

1.      I am the Plaintiff in this action and a citizen of the State of California. I have personal knowledge of the facts stated herein and, if called as a witness, I could testify competently thereto.

2.      This Class Action Complaint is filed in the proper place of trial because I purchased DPC Products and Defendant conduct a substantial amount of business in Ventura County, a County within this District.

3.      Beginning in and around 2013, I purchased DPC Products from local gas stations in Ventura County, relying on Defendant's representations that the DPC Products were "All Natural" and contain "No Preservatives."

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct, executed on May 13, 2016 at Oak Park, California.

Cyrus Hashtpari

**CLASS ACTION COMPLAINT**

# EXHIBIT A

| DPC Product Varieties | Ingredients[1] |
| --- | --- |
|  | • Potatoes<br>• Peanut oil or a blend of peanut oil and canola, corn, safflower or sunflower oil<br>• Natural milled sugar cane<br>• Salt<br>• **Dextrose**<br>• Tomato powder<br>• Natural flavors<br>• Onion powder<br>• Spices<br>• Natural smoke powder,<br>• **Autolyzed yeast extract**<br>• Paprika<br>• Garlic powder<br>• **Citric acid**<br>• **Extractive of paprika** |
|  | • Potatoes<br>• Peanut oil or a blend of peanut oil and canola, corn, safflower or sunflower oil<br>• Salt<br>• **Dextrose**<br>• Potato starch<br>• Jalapeno pepper powder<br>• Natural flavors<br>• Dehydrated onion<br>• Corn starch<br>• Dehydrated garlic<br>• **Citric acid**<br>• **Extractive of paprika**<br>• Spice extractive |

---

[1] https://web.archive.org/web/20120608025513/http://www.dirtys.com/dirtys-ingredients-list.php (last visited on 05/02/2016)



- Potatoes
- Peanut oil or a blend of peanut oil and canola, corn, safflower or sunflower oil
- **Dextrose**
- Salt
- Onion powder
- Whey protein
- Nonfat milk
- Sour cream (cream, nonfat milk, cultures)
- Cultured nonfat milk
- Corn flour
- Natural flavors
- Dehydrated parsley
- Garlic powder
- Cultured whey
- Evaporated cane juice
- **Lactic acid**
- **Citric acid**
- **Sodium citrate**



- Potatoes
- Peanut oil or a blend of peanut oil and canola, corn, safflower or sunflower oil
- Sea salt
- **Sodium diacetate**
- Lactose
- Vinegar powder (vinegar and **maltodextrin**)
- **Citric acid**
- **Malic acid**
- **Sodium citrate**

| | |
|---|---|
|  | <ul><li>Potatoes</li><li>Peanut oil or a blend of peanut oil and canola, corn, safflower or sunflower oil</li><li>Sea salt</li><li>Sugar</li><li>Black pepper</li><li>Onion powder</li><li>Garlic powder</li><li>**Dextrose**</li><li>Corn starch</li><li>**Maltodextrin**</li><li>**Yeast extract**</li><li>**Citric acid**</li><li>Spice</li><li>Soybean oil</li></ul> |
|  | <ul><li>Potatoes</li><li>Peanut oil or a blend of peanut oil and canola, corn, safflower or sunflower oil</li><li>Sugar</li><li>Vinegar powder (**maltodextrin**, distilled vinegar, modified food starch)</li><li>Salt</li><li>Onion powder</li><li>**Malic acid**</li><li>**Dextrose**</li><li>Garlic powder</li><li>**Citric acid**</li><li>**Paprika** & turmeric **extract** (color)</li><li>Paprika</li><li>Spice</li><li>Natural smoke flavor</li></ul> |



- Potatoes
- Peanut oil or a blend of peanut oil and canola, corn, safflower or sunflower oil
- Salt
- Cultured buttermilk
- Parsley
- Spice
- Parmesan cheese (partially skim milk, cheese cultures, salt, enzymes)
- Whey
- Modified butter oil and dehydrated butter
- **Maltodextrin**
- **Citric acid**
- **Malic acid**
- Modified food starch
- Natural flavor
- **Disodium phosphate**
- Guar gum
- **Annatto**
- Turmeric



- Potatoes
- Peanut oil or a blend of peanut oil and canola, corn, safflower or sunflower oil
- Whey
- Salt
- **Maltodextrin**
- **Dextrose**
- Spice
- **Yeast extract**
- Sugar
- Cultured buttermilk
- Vinegar
- **Citric acid**
- Sour cream (cream cultures, **lactic acid**)
- Onion powder
- Sunflower oil
- Natural smoke flavor
- Garlic powder
- Cultured nonfat milk
- **Extractives of paprika**
- Chipotle pepper.

# EXHIBIT B

| DPC Product Varieties | Ingredients[1] |
|---|---|
|  | <ul><li>Potatoes</li><li>Peanut oil or a blend of peanut oil and canola, corn, safflower or sunflower oil</li><li>**Dextrose**</li><li>Dehydrated onion</li><li>Whey powder</li><li>Sugar</li><li>Salt</li><li>Hydrolyzed corn protein</li><li>**Torula yeast**</li><li>**Maltodextrin**</li><li>Soybean oil</li><li>Dehydrated garlic</li><li>**Autolyzed yeast extract**</li><li>Natural flavor</li></ul> |

---

[1] https://web.archive.org/web/20120608025513/http://www.dirtys.com/dirtys-ingredients-list.php (last visited on 05/02/2016)

# EXHIBIT C



**FARUQI & FARUQI**
LLP
ATTORNEYS AT LAW

NEW YORK    CALIFORNIA    DELAWARE    PENNSYLVANIA

March 15, 2016

**Via Certified Mail/**
**Return Receipt Requested**

Utz Quality Foods, Inc.
900 High Street
Hanover, PA 17331

Re: *Class Action Notification and Pre-Lawsuit Demand Pursuant to California Civil Code Section 1782 and All Other Applicable Laws Requiring Pre-Suit Notice, Concerning Utz Quality Foods, Inc.*

Dear Madam/Sir:

Please be advised that Faruqi & Faruqi, LLP ("F&F") represents Cyrus Hashtpari ("Client") on behalf of himself and all others similarly situated in an action against the Utz Quality Foods, Inc. ("Utz" or "Defendant") and its subsidiary companies. All further communications intended for our Client must be directed to F&F. Furthermore, this demand and notice letter is meant to comply with the requirements of *California Civil Code* §1782, and all other laws requiring a pre-suit demand and notice prior to litigation, on behalf of our Client and all others similarly situated should this matter proceed to litigation.

Our Client seeks to maintain a class action on behalf of himself and all consumers who have purchased any of Defendant's Dirty Potato Chips brand chips products that claimed to be "All Natural" but contained non-natural ingredients including, but not limited to, dextrose and maltodextrin.

These business practices violate several California consumer protection statutes and laws. Pursuant to *California Civil Code* §1782(a)(1), Plaintiffs further provide notice that they believe Defendant has violated, and continues to violate the California Consumers Legal Remedies Act ("CLRA"), and specifically *California Civil Code* §1770, in at least the following manner:

1. Misrepresenting the source, sponsorship, approval, or certification of goods or services (Section 1770(a)(2));

2. Representing that goods or services have sponsorship, approval, characteristics, ingredients, uses, benefits, or quantities which they do not have or that a person has a sponsorship, approval, status, affiliation, or connection which he or she does not have (Section 1770(a)(5));

1



3. Representing that goods or services are of a particular standard, quality, or grade, or that goods are of a particular style or model, if they are of another (Section 1770(a)(7));

4. Advertising goods or services with intent not to sell them as advertised (Section 1770(a)(9)).

It is our opinion that Defendant has also violated California Business and Professions Code Sections 17200 and 17500, in addition to numerous common laws.

This letter not only serves as notification of Defendant's alleged violations of *California Civil Code* §1770 as outlined above, but also as our Client's demand, and all others similarly situated, that Defendant immediately correct, repair, refund and otherwise rectify the violations of § 1770 and the other statutes and causes of action referenced above, on a class-wide basis.

Further, this letter serves as a thirty (30) day notice and demand requirement under §1782 for damages. Accordingly, should Defendant fail to rectify the unfair and deceptive scheme within thirty (30) days of receipt of this letter, our Client will file his complaint for actual damages, punitive damages, and all other damages permitted under the CLRA and the other statutes and causes of actions referenced above, along with interest, attorneys' fees and costs for Defendant's violations.

This letter in no way waives, limits, or rescinds any of our client's rights, remedies of claims, all of which are reserved to the fullest extent of law and equity. Your prompt attention to this matter is strongly urged. Please contact our offices if you wish to discuss an appropriate way to remedy this matter without judicial intervention or if you have any further questions.

Sincerely,

Barbara A. Rohr

**U.S. Postal Service™**
**CERTIFIED MAIL® RECEIPT**
Domestic Mail Only

For delivery information, visit our website at www.usps.com®.

HANOVER PA 17331

| | | | |
|---|---|---|---|
| Postage | $ | $3.45 | |
| Certified Fee | | $2.80 | 0024 |
| Return Receipt Fee (Endorsement Required) | | $0.00 | 15 Postmark Here |
| Restricted Delivery Fee (Endorsement Required) | | N/A | 03/15/2016 |
| | | $0.49 | |
| Total Postage & Fees | $ | $6.74 | |

Sent To  Utz Quality Foods, Inc.
Street & Apt. No.  900 High Street
or PO Box No.
City, State, ZIP+4  Hanover, PA 17331

7014 2870 0000 1286 1313

PS Form 3800, July 2014        See Reverse for Instructions

---

**SENDER: COMPLETE THIS SECTION**

- Complete items 1, 2, and 3.
- Print your name and address on the reverse so that we can return the card to you.
- Attach this card to the back of the mailpiece, or on the front if space permits.

1. Article Addressed to:

Utz Quality Foods, Inc.
900 High Street
Hanover, PA 17331

9590 9403 0773 5215 9341 77

2. Article Number (Transfer from service label)

PS Form 3811, April 2015 PSN 7530-02-000-9053

**COMPLETE THIS SECTION ON DELIVERY**

A. Signature
X  Buckler                          ☐ Agent
                                    ☐ Addressee

B. Received by (Printed Name)       C. Date of De
13111 Klein                         3-21-16

D. Is delivery address different from item 1?  ☐ Yes
   If YES, enter delivery address below:        ☐ No

3. Service Type
☐ Adult Signature                   ☐ Priority Mail Express®
☐ Adult Signature Restricted Delivery ☐ Registered Mail™
☐ Certified Mail®                   ☐ Registered Mail Restricted Delivery
☐ Certified Mail Restricted Delivery ☐ Return Receipt for Merchandise
☐ Collect on Delivery               ☐ ure Confirmation™
                                    ure Confirmation

---

**UNITED STATES POSTAL SERVICE**

First-Class Mail
Postage & Fees Paid
USPS
Permit No. G-10

• Sender: Please print your name, address, and ZIP+4® in this box•

Faruqi & Faruqi, LLP
10866 Wilshire Boulevard, Ste 1470
Los Angeles, CA 90024

USPS TRACKING#

Received:

APR 1 2016